{¶ 40} I concur with the conclusion of the majority. But I write separately over two distinct albeit interrelated issues. I am concerned not only in this case, but in numerous other cases coming before this court, about the use of the term "informant" to describe the person who cooperated with the police in what has come to be known as a "buy-bust" operation.
 {¶ 41} In a buy-bust operation, a street person (sometimes a police officer) attempts to buy drugs from a drug dealer while authorities surveille. This person is not an informant; use of the terms "informant," "confidential informant," and *Page 16 
"confidential reliable informant" to describe this activity is misleading on two fronts:
 {¶ 42} "1) This person provides no information; and
 {¶ 43} "2) The use of the terms "informant," "confidential informant" ("CI"), and "confidential reliable informant" ("CRI") implicate law having to do with issuance of warrants, reasonable suspicion of criminal activity, and probable cause, leading inexorably to Fourth Amendment issues of whether an informant is reliable, what makes him reliable, whether his identity can or cannot be revealed, etc.
 {¶ 44} In this case, as in other buy-bust cases, we are reviewing what the surveilling police officers saw themselves, not what anyone told them. The question here simply hinges upon whether what the officers viewed with their own eyes (and testified to at the hearing) was sufficient to create a reasonable suspicion of criminal activity such as justified their detention and ultimate search; it was. *Page 1